Kinsey C. J.
Charged the jury as follows—
This is an action of debt brought by the plaintiff John Mease as surviving executor of the last will and testament of John Mease deceased, against Richard Stevens on a bond dated. May 20th 1765, in the penalty of ¿£2000 conditioned for the payment of ¿11000 on the 20 th of May next ensuing®
*434 To this action the defendant has put in two pleas, 1st. That owed the testator nothing in his life time — %d That he has paid the executor the money owing on the bond.
The issues therefore upon this record, and which you are now to determine, are, whether the defendant actually did owe the money to the testator in his life time, and whether he has ever paid it to the executor as he has alleged. It is the duty of the plaintiff to prove the first of these issues; and the defendant is bound to make out the second.
The defendant seems to have given up the first question, and indeed there cannot remain a doubt that the obligation was -actually executed by him; but he relies under the plea of payment upon the presumption of the law that a bond has been paid after a lapse of twenty years without any receipt of interest. The law certainly does under such circumstances raise such a presumption: but it is at best but a presumption, liable to be rebutted by testimony; and if the jury are of opinion, from all the circumstances of the case, that the bond never has been discharged, they are not bound to find a verdict for the defendant.
The question then is, whether any evidence has been given to warrant you in setting aside the presumption of the law, under the peculiar circumstances of this case. Two things are relied upon by the plaintiff,first an offer of the money as proved by Mr. Snozoden, and secondly that the circumstances of the defendant were so embarrassed and unpromising that it would have been useless for the plaintiff to have pressed for payment.
'On these points you have heard the evidence. If upon consideration you shall be of opinion that there has been any acknowledgement of this debt, or the defendant has not been in a situation to discharge the obligation, the circumstances upon which the law builds the presumption are explained, and the presumption itself destroyed. Your verdict ought then to be in favour of the plaintiff for the amount of the principal and interest. If on the contrary these facts have not been made out to youy satisfaction, yow verdict should be for the defendant*
*435 Verdict for the plaintiff ,02000 debt and interest, deducting interest for four years and five months, on account of the war, agreeably to the uniform rule.